IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ATIFFA GUADALUPE DUNBAR,<br><br>          Defendant. | No. CR-F-06-098 OWW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY (Doc. 43) |

Defendant Atiffa Guadalupe Dunbar moves pursuant to Rule 41(g), Federal Rules of Criminal Procedure, for an order that the United States return to Defendant $10,391.51 seized from Defendant's bank account on February 10, 2006.[1]

---

[1] **Rule 41(g), Federal Rules of Criminal Procedure, provides:**

> **A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return ... The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the**

Defendant was charged with one count of wire fraud and aiding and abetting in violation of 18 U.S.C. § 1343, two counts of filing a false claim to an agency of the United States in violation of 18 U.S.C. § 287, and two counts of mail fraud in violation of 18 U.S.C. § 1341.  Defendant pleaded guilty to wire fraud and aiding and abetting.  Defendant was sentenced on March 26, 2007 to probation for a term of 36 months and restitution in the amount of $605.00.

A Seizure Warrant was issued by the United States District Court on February 10, 2006 pursuant to the affidavit of FBI Special Agent Claiborne.  The Seizure Warrant authorized the seizure of:

> All funds derived from a scheme to defraud the United States Government, Federal Emergency Management Agency on deposit at Kern Schools Federal Credit Union in Bakersfield, California, held in account # 6744460-0, in an amount not to exceed $10,381.51.
>
> Which is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) (incorporating 18 U.S.C. § 1956(c)(7) and 984 and subject to seizure pursuant to 18 U.S.C. § 981(b). [sic]

Wanda P. Mackall, a Paralegal Specialist, Forfeiture and Seized Property Unit (FSPU), Finance Division of the FBI, avers in pertinent part:

> 2.  In my capacity as a Paralegal Specialist, I am familiar with and have care, custody and/or control of the FBI records relating to the seizure and administrative forfeiture of property and its use in later proceedings.

        the following property, identified by FBI seizure number:

        a.  FBI Seizure Number 3720-06-F-0027; $10,391.51 in funds from the Kern Schools Federal Credit Union Account # 6744460-0, Bakersfield, California, in the name of Attifa Guadalupe Dunbar, seized on February 10, 2006.

        3.  With regard to the above-referenced property, the records of the FBI reflect that letters giving notice of the seizure together with information on the applicable procedures were sent to parties who appeared to have an interest in the seized property by U.S. certified mail, return receipt requested, pursuant to 18 U.S.C. § 1607 and 18 U.S.C. § 983 to the following individuals and were received or returned as indicated:

        a.  Personal notice of the seizure and intent to forfeit, dated February 22, 2006, and postmarked on February 22, 2006 was sent to the following parties: (1) Attifa Guadalupe Dunbar at 800 Quailridge Road, Apt. D, Bakersfield, California 93309 [Ms. Dunbar's home address].  The return receipt indicated that notice was received by Dunbar on February 25, 2006 ....

Attached as Exhibit A to Ms. Mackall's Declaration is a copy of the notice of the seizure sent to Defendant as well as a copy of the return receipt signed by Defendant on February 25, 2006.  The notice advises of the seizure of $10,391.51 from Defendant's account and that Defendant "may contest the seizure and forfeiture of the property ...."  The notice states in pertinent part:

<u>To Contest the Forfeiture</u>

        If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership with the FBI by March 29, 2006.  The claim is filed when it

3

1
2
3
4
5
6
7
8
9
10

            **is received by the FBI Forfeiture Paralegal Specialist of the FBI Field Division mentioned below except in cases of pro se incarcerated individuals as otherwise provided by law.  The claim need not be made in any particular form.  The claim shall identify the specific property being claimed and state the claimant's interest in such property.  Documentary evidence supporting claimant's interest in the property may help substantiate the claim, but is not required.  The claim must be made under oath, subject to penalty of perjury.  A frivolous claim may subject the claimant to a civil fine equal to ten (10) percent of the value of the forfeited property but in no event shall the fine be less that $250 or greater than $5,000.**

11
12
13
14

            **If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein.  Failure to do so will waive your right to contest the forfeiture of the asset in this proceeding and any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.**

15  ...

16                        **<u>Where to Submit Correspondence</u>**

17
18
19
20

            **The Seizure Number 3720060027 has been assigned to this forfeiture action.  Use these numbers to identify the property when submitting the claim ... or other correspondence to the FBI.**

21              **Submit all documents to this FBI Field Division:**

22
23
24

                    **SPECIAL AGENT IN CHARGE
FEDERAL BUREAU OF INVESTIGATION
4500 ORANGE GROVE AVENUE
SACRAMENTO, CA 95841**

25                      **ATTENTION: FORFEITURE PARALEGAL SPECIALIST 916-481-9110**

26  **Ms. Mackall also avers that personal notice of the seizure and**

4

procedures to make a claim were sent to the Kern Schools Federal Credit Union and FEMA, and that, on March 10, 17 and 24, 2006, public notices of the seizure and intended forfeiture of the property was published in the Wall Street Journal.  Ms. Mackall avers:

> 6.   The records of the FBI reflect that no claims were filed with regard to the above-referenced property prior to the deadline identified in the notice.
>
> 7.   The records of the FBI reflect that a petition for remission or mitigation of forfeiture was received with regard to the above-referenced property on July 7, 2006. Jeannie Goforth filed the petition on behalf of the Department of Homeland Security, Federal Emergency Management Agency.  The Petitioner [Ms. Goforth] was advised of the granting of the petition by letter dated November 1, 2006 ....

Ms. Mackall avers:

> 8.   The records of the FBI also reflect that a 'Civil Forfeiture Review Form' and forfeiture file was reviewed by an attorney assigned to the FBI's Legal Forfeiture Unit (LPU), Office of the General Counsel.  The purpose of this review was to determine whether the FBI had adequate information to support the administrative forfeiture of the property.  This review consisted of a legal review of the facts and circumstances supporting the forfeiture of the property to determine the existence of probable cause, whether the notice provided to interested parties was legally sufficient under the law, and whether there were any legal impediments to the forfeiture action.  After conducting this review and finding legal sufficiency and no legal impediments, LPU recommended that the property be declared forfeited to the United States.
>
> 10.  On October 18, 2006, the property was declared administratively forfeited to the

5

**United States pursuant to 18 U.S.C. § 981.**
        **....**
**The Declaration of Administrative Forfeiture is attached to Ms. Mackall's declaration as Exhibit D.**

**Defendant does not contest any of the averments in Ms. Mackall's declaration or challenge the validity of the notices and other documents attached as exhibits to Ms. Mackall's declaration.  No claim was filed by March 29, 2006, despite clear and specific notice to Defendant that she was required to do so.**

**This uncontested record establishes the absence of jurisdiction in this court to entertain Defendant's motion for return of property pursuant to Rule 41(g).**

**In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub.L. No. 106185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, which overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. § 981.  *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir.2005). A party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under 18 U.S.C. § 983(e).  *Id.*  Section 983(e) provides in pertinent part:**

> **(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if -**

>    (A) the Government knew, or
>    reasonably should have known, of
>    the moving party's interest and
>    failed to take reasonable steps to
>    provide such party with notice; and
>
>    (B) the moving party did not know
>    or have reason to know of the
>    seizure within sufficient time to
>    file a timely claim.
>
>    ...
>
>    (5) A motion filed under this subsection
>    shall be the exclusive remedy for seeking to
>    set aside a declaration of forfeiture under a
>    civil forfeiture statute.

*See also United States v. Sims*, 376 F.3d 709, 708 (7th Cir.2004), *cert. denied*, 543 U.S. 1094 (2005):

>    The proper office of a Rule 41(g), motion is,
>    before any forfeiture proceedings have been
>    initiated, or before any criminal charges
>    have been filed, to seek the return of
>    property seized without probable cause, or
>    property held an unreasonable length of time
>    without the institution of proceedings that
>    would justify the seizure and retention of
>    the property.  The rule can also be invoked
>    after criminal proceedings have concluded to
>    recover the defendant's property when the
>    property is no longer needed as evidence –
>    unless, of course, it has been forfeited in
>    the course of those proceedings.

Defendant makes no contention that the notice provisions set forth in Section 983 were not followed and does not challenge the evidence demonstrating that she received actual notice of the forfeiture and of her remedy.  Why Defendant did not pursue the claim procedures set forth in that notice is not explained in her pleadings.  The record establishes that Defendant received all

the required notice in sufficient time to challenge the forfeiture proceedings. As held in *Mesa Valderrama*, *supra*, 417 F.3d at 1197:

> "'It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law.' ...."

*See also United States v. Elias*, 921 F.2d 870, 874-875 (9th Cir.1990):

> ... Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.
>
> In a case involving strikingly similar facts, the Eighth Circuit upheld the dismissal of a Rule 41(e) [now Rule 41(g)] motion in *In re Harper*, 835 F.2d 1273 (8th Cir.1988). In *Harper*, the claimant filed a Rule 41(e) motion for the return of money seized at the airport by security officers at a checkpoint scanner ... Thereafter, 'the government instituted forfeiture proceedings by mailing and publishing a notice of intention to forfeit Harper's money' pursuant to 19 U.S.C. § 1607(a) and 21 U.S.C. § 881(d) ... The government filed a motion to dismiss the Rule 41(e) motion, 'because Harper's motion resorted to the Federal Rules of Civil Procedure to attack a completed civil forfeiture.' ... The district court dismissed the Rule 41(e) motion ....
>
> The Eighth Circuit affirmed the dismissal holding that 'the district court did not abuse its discretion when it refused to invoke its equitable powers in the circumstances of this case.' ... The court reasoned as follows:
>
>> Although Harper had knowledge of the pending forfeiture proceeding, he allowed the matter to finalize without challenging the forfeiture

8

> or seeking a stay of the proceedings. Harper now claims he may attack that civil forfeiture by utilizing rule 41(e). We disagree. Harper cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place. To do so would be the equivalent of impermissibly using the Federal Rules of Criminal Procedure to attack a civil forfeiture ....
>
> We are persuaded by the fine analysis of this issue in *Harper* ....
>
> The district court did not err in declining to exercise its equitable jurisdiction in this matter because Elias had an adequate remedy at law to attack the legality of the administrative forfeiture proceedings.

Although *Elias* was decided before the enactment of the CAFRA, its analysis and conclusion support denial of Defendant's motion for return of property.

## CONCLUSION

For the reasons stated above, Defendant's motion for return of property pursuant to Rule 41(g), Federal Rules of Criminal Procedure, is DENIED.

IT IS SO ORDERED.

Dated:   **May 29, 2007**                              **/s/ Oliver W. Wanger**
                                                              UNITED STATES DISTRICT JUDGE